IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

|  |  |
|---|---|
| NECOLE ROTTHOFF, AND ALL OTHERS SIMILARLY SITUATED, | : <br> : <br> : |
| Plaintiff, | :    Civil Action <br> :    No. 1:19-cv-04027-AMD-CLP |
| v. | : <br> : |
| NEW YORK STATE CATHOLIC HEALTH PLAN, INC. d/b/a FIDELIS CARE NEW YORK, CENTENE CORPORATION, CENTENE MANAGEMENT COMPANY, LLC, NEW YORK QUALITY HEALTHCARE CORPORATION f/k/a CENTENE ACQUISITION CORPORATION, AND CENTENE COMPANY OF NEW YORK, LLC, | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

---

**DEFENDANT NEW YORK STATE CATHOLIC HEALTH PLAN, INC. D/B/A FIDELIS CARE NEW YORK'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT**

**EPSTEIN BECKER & GREEN, P.C.**
Kenneth W. DiGia
Jeffrey H. Ruzal
Matthew S. Aibel
875 Third Avenue
New York, New York 10022
(212) 351-4500
*Attorneys for Defendant*
*New York State Catholic Health Plan Inc., d/b/a Fidelis Care New York*

Firm:50091078

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT ...................................................................................................................................2

POINT I     PLAINTIFF FAILS TO STATE A CLAIM
             UNDER THE FLSA OR NYLL ...............................................................................2

POINT II    THE COURT SHOULD NOT EXERCISE
             SUPPLEMENTAL JURISDICTION OVER
             PLAINTIFF'S REMAINING NYLL CLAIMS ...........................................................5

POINT III   PLAINTIFF'S COLLECTIVE AND CLASS
             ACTION ALLEGATIONS SHOULD BE DISMISSED ..............................................6

CONCLUSION ................................................................................................................................9

Firm:50091078

**PRELIMINARY STATEMENT**

Plaintiff's claims under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq*. and New York Labor Law ("NYLL") for alleged unpaid overtime suffer from fatal defects warranting dismissal: they are insufficiently pleaded as a matter of law because the Amended Complaint lacks the requisite factual specificity to state plausible claims for relief. In addition, Plaintiff's class and collective action allegations fall far short of the threshold necessary to put Fidelis Legacy on fair notice of the putative collective and class.

In response, Plaintiff pieces together snippets of the Amended Complaint and, relying on cases that are easily distinguishable, asks this Court to conclude that her pleading contains enough factual heft to push her individual and collective FLSA and NYLL class overtime claims over the line from "possible" to "plausible". However, Plaintiff's opposition only serves to confirm the scarcity of facts in her pleading. The allegations in the Amended Complaint are no different from allegations that courts have routinely found to be insufficient following the *Lundy-Nakahata-Dejesus* pronouncement of the applicable pleading standard for such claims. Based on the lack of factual content in the Amended Complaint, the Court should reach a similar conclusion here. Upon dismissing the FLSA and NYLL overtime claims, the Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining claims under NYLL Section 195.[1]

---

[1] Fidelis Legacy maintains that the Court should decline to consider the issue of successor liability briefed in the motion to dismiss by Centene Corporation, Centene Management Company, LLC, New York Quality Healthcare Corporation f/k/a Centene Acquisition Company, and Centene Company of New York, LLC (the "Centene-Defendants").

Firm:50091078

# ARGUMENT

## POINT I

### PLAINTIFF FAILS TO STATE A CLAIM UNDER THE FLSA OR NYLL

Plaintiff asserts that the Amended Complaint meets the applicable pleading standard articulated in *Lundy-Nakahata-Dejesus* because it "alleges the specific numbers and schedule information necessary to calculate Plaintiff's weekly hours". (Pl.'s Opp. at p. 4). Plaintiff also argues that Fidelis Legacy makes "flawed arguments" regarding the holdings in these cases. (*Id.* at p. 5). Plaintiff's contentions miss the point, and her liberal use of the word "specific" throughout her opposition does not make her pleading any more so.

Contrary to Plaintiff's assertions, Fidelis Legacy does not advocate for a rote application of the pleading standard such that the appearance of the word "regularly" would automatically result in dismissal. Rather, it is Plaintiff's substitution of the word "regularly" for "facts that would 'nudge' [her] claim from conceivable to plausible" that fails to satisfy the pleading standard articulated in *Lundy-Nakahata-Dejesus*. *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2d Cir. 2013) ("*Lundy's* requirement that plaintiffs must allege overtime without compensation in a 'given' workweek, … was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.' It was designed to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)); *Casci v. Nat'l Fin. Network, LLC*, No. 13 CV 1669, 2015 WL 94229, at *3 (E.D.N.Y. Jan. 7, 2015) (dismissing FLSA and NYLL overtime claims and denying leave to amend where "allegations that plaintiff 'occasionally' or 'sometimes' worked overtime do nothing more than conform to the 'all-purpose pleading template alleging overtime in some' workweeks forbidden by *Dejesus*.").

Stripping the Amended Complaint of the numerous conclusory allegations that courts consistently reject as insufficient under the pleading standard (*see Dejesus*, 726 F.3d at 89-90), Plaintiff's allegations regarding her FLSA and NYLL overtime claims boil down to the following single paragraph: "From about February 2018 to September 2018, Plaintiff regularly began work at 8:30 am and regularly worked until at least 5:30 pm Monday through Friday. Plaintiff also worked through her 60-minute meal break at least twice per week." (¶ 104). However, there are no "specifics" regarding that schedule. For example, Plaintiff does not specify the nature of work Plaintiff allegedly performed during meal breaks; the amount of time she allegedly performed such work; or the number of hours Plaintiff worked on the days and in the weeks she purportedly missed meal breaks. Absent such factual content and context, Plaintiff's allegations do not give rise to a plausible claim that Plaintiff worked more than forty hours in any given week as required by *Lundy-Nakahata-Dejesus* and their progeny.

Plaintiff's chart purportedly illustrating the "simple arithmetic" in her allegations (*see* Pl.'s Opp. at pp. 4-5) shows nothing more than a hypothetical workweek that adds up to 42 total hours worked, and merely reflects the deficiently general "8:30 to 5:30" routine that lacks plausibility and adequacy. *See, e.g.*, *Fridman v. GCS Computers LLC*, No. 17-CV-6698, 2018 WL 1581990, at *4 (S.D.N.Y. Mar. 27, 2018) ("While adequate pleadings do not require 'mathematical precision,' … [a] plaintiff is 'reasonably expected to recall basic facts about his own work experience, such as when he worked overtime; whether he came to work early, stayed late, or took on additional shifts; approximately how many extra hours he worked per week; and the types of tasks he performed during his overtime hours.'") (citation omitted). Moreover, the chart – and by extension, Paragraph 104 in the Amended Complaint – fails to specify any one week in which such a schedule in fact occurred. Such specification is necessary because when

3

accounting for holidays resulting in four-day workweeks, Fidelis Legacy must guess in which weeks Plaintiff claims to have worked in excess of 40 hours.

The cases upon which Plaintiff relies in her opposition are distinguishable.  In *Butt v. HF Mgmt. Servs., LLC*, No. 18-CV-7017, 2020 WL 207393 (E.D.N.Y. Jan. 14, 2020) (Donnelly, J.), the plaintiff's complaint survived dismissal because it included the following details that are lacking here:  (i) the defendants scheduled the plaintiff to work an eight-and-a-half hour shift – from 9:00 a.m. to 5:30 p.m. – including an unpaid half-hour lunch break, for five days a week; (ii) he regularly started work at 8:00 a.m., worked through his lunch break, and spent thirty to sixty minutes after his shift finishing sales, answering customer questions, and delivering completed paperwork to the defendants' Brooklyn South office; (iii) management required the plaintiff to provide his cell phone to customers, which resulted in his working hours outside of his shift to answer questions from customers and prospective customers; and (iv) the defendants scheduled him to work a sixth day during busy times, such as the open enrollment period. *Id.* at *1.  Such specificity is conspicuously absent from the Amended Complaint.  Among other deficiencies, Plaintiff does not allege whether she took any other breaks during her workday, identify the type of work she claims to have performed, or plead any other facts that would inform the inquiry of whether she worked in excess of 40 hours in any given week.

In *Pichardo v. Hoyt Transp. Corp.*, No. 17-CV-3196, 2018 WL 2074160 (E.D.N.Y. Jan. 31, 2018), the court rejected the complaint's conclusory assertion that the plaintiff worked in excess of 40 hours per week without pay amounting to at least one-and-one-half times his regular rate.  *Id.* at *4.  However, the court noted that the complaint also contained factual allegations to support the plaintiff's claims that saved his pleading from dismissal. *Id.*  Among other details, the plaintiff alleged that "he begins his workday at 5:00 a.m. at defendants' bus lot in the Bronx, concludes his first shift at 9:40 a.m., commences his second (and final) shift at 2:30 p.m., and ends

his workday at 7:00 p.m. or 7:30 p.m. at defendants' bus lot"; "it takes him 40 minutes each way to transport defendants' bus between its parking site … and schools in New York City"; and "he 'wait[s] to pick-up [a] second set of children from school' for one hour each workday." *Id.* at *1, 4-6 (internal citations omitted). Here, Plaintiff's conclusory allegations in the Amended Complaint that she "worked over 40 hours in one or more workweeks", based on a singular example of a work schedule providing no insight into the number of hours Plaintiff actually worked in any given week, stand in marked contrast to the factually specific allegations present in *Pichardo*.[2]

Plaintiff has failed to overcome Fidelis Legacy's arguments regarding her deficient FLSA and NYLL claims. Accordingly, the Court should dismiss these claims in their entirety.

## POINT II

### THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING NYLL CLAIMS

Plaintiff does not respond to Fidelis Legacy's argument that the Court should decline to exercise supplemental jurisdiction with respect to Plaintiff's NYLL claims if it dismisses her FLSA claims. *Huggins v. Devane & Groder*, No. 15-CV-2463, 2015 WL 3971803, at *4 (E.D.N.Y June 30, 2015) ("where all of the federal claims in an action are dismissed before trial, the balance of factors will favor declining to exercise supplemental jurisdiction over the remaining

---

[2] Plaintiff cites *Gayvoronskaya v. Americare, Inc.*, No. 15-CV-6641, 2018 WL 4378162 (E.D.N.Y. Mar. 26, 2018), for the proposition that "*Dejesus* does not preclude a plaintiff from proceeding with an FLSA claim based on an allegation that [his] work was consistent across a given time period." (Pl.'s Opp. at p. 6). However, Plaintiff omits the remainder of the quotation from the court's decision, which explains why the plaintiff's pleading in that case was distinguishable from that in *Dejesus*:

> *Dejesus* does not preclude a plaintiff from proceeding with an FLSA claim based on an allegation that her work was consistent across a given time period; **Fialko has differentiated her time in those three years from the time she worked in other years**, … which differentiates her claim from those cases that Americare relies upon. And **this differentiation makes her claim unlike the "all-purpose" pleading dismissed in *Dejesus* that only alleges "overtime in 'some or all workweeks' " or one that just mimics the statutory language of FLSA**.

*Id.* at *4 (emphasis added).

5

state law claims.") (citations omitted).  For all of the reasons set forth in Fidelis Legacy's moving brief (*see* Fidelis Legacy Br. at pp. 9-10), the Court should not exercise supplemental jurisdiction over Plaintiff's NYLL claims.

## POINT III

### PLAINTIFF'S COLLECTIVE AND CLASS ACTION ALLEGATIONS SHOULD BE DISMISSED

Applying the same strategy to argue that her collective and class action allegations should survive dismissal as she does for her individual FLSA and NYLL allegations, Plaintiff peppers her opposition with the word "specific" to create the illusion that her pleading passes muster.  (*See* Pl.'s Opp. at pp. 6-9).  This does not hide the reality that such "specifics" do not exist in the Amended Complaint.

First, Plaintiff misguidedly claims that her pleading adequately "describes the specific contours of the putative collective" because it identifies a "set of job duties", a "set of job titles", and "a uniform misclassification scheme."  But a plain reading of the Amended Complaint reveals a mechanical recitation of the mere elements of statutory FLSA and NYLL claims:

- "Defendants classified some or all [Care Management Employees] as exempt from the overtime provisions of the FLSA" (¶ 117)

- "some or all [Care Management Employees] worked over 40 hours in individual workweeks" (¶ 118)

- "Defendants maintained one or more common job descriptions for Care Management Employees" (¶ 119)

Conspicuously absent from this threadbare pleading is any allegation regarding the purported hours over 40 that any other so-called "Care Management Employee" worked in a particular workweek.  Indeed, Plaintiff does not even allege that other Care Management Employees performed more than 40 hours of work in a given work week for which they were not paid.

6

Second, Plaintiff argues that her use of the catch-all job category "Care Management Employees" is appropriate and adequately pleads the existence of a collective or class because it simply defines "a variety of job titles" that "Defendants used" and involved "similar primary duties." (Pl.'s Opp. at p. 7). She also contends that Fidelis Legacy's challenge of her nomenclature puts the cart before the horse by prematurely raising issues more appropriate on a motion for collective and class certification. Again, Plaintiff's arguments are misplaced. Such a broadly defined – and fabricated – class as that alleged in the Amended Complaint fails to provide Fidelis Legacy with fair notice of the group of employees who may be potential collective and class action members. The term does not represent any one or more identifiable job title or function. Rather, it sweeps under one umbrella numerous, seemingly disparate job "families" (not "titles") using a term that is not even found on the website Plaintiff cites. Fidelis Legacy is unable to discern from this catch-all category the specific job titles, positions and individuals Plaintiff seeks to include in the putative class and collective.

*Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928 (N.D. Tex. 2014), illustrates this point. There, the complaint generally alleged that the plaintiffs "provided services such as assisting in setting up and taking down of the rentals for the events, final construction clean, power washing, fencing, barricade, crowd control, field and logo painting, sweeping, mopping, picking up trash and cleaning restroom facilities." *Id.* at 940. It also broadly defined "a nationwide class of all persons who worked or work for Defendants and who were/are subject to Defendants' unlawful pay practices and policies at any point from three years prior to the filing of the instant matter to the present." *Id.* The court held that these allegations were insufficient to withstand a Rule 12(b)(6) motion. The court explained: "[i]t is not the defendants' responsibility to define the

7

putative class by piecing together factual allegations strewn throughout a complaint; rather, fair notice requires the plaintiffs to clearly define the putative collective class." *Id.*[3]

Plaintiff's cases are distinguishable, either because they presented far more factual specificity in the pleading than in the Amended Complaint, or addressed entirely different issues. *See, e.g.*, *Ramirez-Marin v. JD Classic Builders Corp.*, No. 16-CV-5584, 2017 WL 4358759, at * (E.D.N.Y. Sept. 30, 2017) (denying as premature defendants' motion to strike NYLL class claims based on their argument that the plaintiff failed to satisfy Rule 23 requirements because "[t]he issue of class certification is not presently before the Court", where the plaintiff sufficiently alleged facts regarding her FLSA collective action claims and defendants did not challenge denial of their motion to dismiss such claims); *Peck v. Hillside Children's Ctr.*, 915 F. Supp. 2d 435, 439 (W.D.N.Y. 2013) (employees' allegations were sufficient to state FLSA collective and NYLL class action claims where the complaint alleged that they and other class members were required to work extra hours in certain identified situations, they were not paid for that time, they were prohibited from reporting all hours on their timesheets, and the amount of overtime averaged around five hours per employee per week).

Similar to *Flores*, Plaintiff's alleged class and collective of "Care Management Employees" encompass individuals who were employed by Fidelis Legacy, the Centene-Defendants, or both; held any one of multiple different job titles featured on the Centene-

---

[3] *See also, e.g.*, *Creech v. Holiday CVS, LLC*, No. 11-CIV. A. 11-46, 2012 WL 4483384, at *3 (M.D. La. Sept. 28, 2012) (dismissing collective allegations where the complaint "fail[ed] to provide any such description or details about the other proposed parties who are alleged to be 'similarly situated'" other than to allege that "the other class members performed the same or similar job duties in that they 'provided customer services'"); *Thomas v. Wallace, Rush, Schmidt, Inc.*, No. 16-CV-572, 2019 WL 2617818, at *4 (M.D. La. June 26, 2019), *appeal dismissed sub nom. Thomas v. Wallace, Rush, Schmidt, Inc., WRS*, No. 19-CV-30658, 2019 WL 7905362 (5th Cir. Sept. 6, 2019) (dismissing collective action claims with prejudice where it was "altogether unclear who, exactly, the [class] definition cover[ed]."); *see also St. Croix v. Genentech, Inc.*, No. 12-CV-891-T-33EAJ, 2012 WL 2376668, at *3 (M.D. Fla. June 22, 2012) (granting Rule 12(b)(6) motion to dismiss FLSA claims where, among other deficiencies, the plaintiff failed to sufficiently allege the basis for a collective action on behalf of others similarly situated).

8

Defendants' website, which has no connection to Fidelis Legacy; and performed one, several or none of the generic job duties alleged in the Amended Complaint. On this bare pleading, Fidelis Legacy cannot reasonably determine the definition, delineation, scope or breadth of the putative collective or class. As a result, Plaintiff's class and collective action allegations are inadequately pleaded and should be dismissed.

## CONCLUSION

For the foregoing reasons and the reasons set forth in Fidelis Legacy's moving brief, Defendant Fidelis Legacy respectfully requests that the Amended Complaint be dismissed as against it in its entirety, without leave to amend and *with prejudice*.[4]

New York, New York
February 28, 2020

                                      Respectfully submitted,

                                      EPSTEIN BECKER & GREEN, P.C.

                                      By:  /s/ Kenneth W. DiGia
                                              Kenneth W. DiGia
                                              Jeffrey H. Ruzal
                                              Matthew S. Aibel
                                      875 Third Avenue
                                      New York, New York  10022
                                      (212) 351-4500
                                      *Attorneys for Defendant New York State Catholic Health Plan Inc., d/b/a Fidelis Care New York*

---

[4] Plaintiff had the opportunity to further amend her pleading, and considered doing so prior to Fidelis Legacy's filing of this motion. Plaintiff ultimately chose to stand on her pleading with the Amended Complaint. *See* Defendant Fidelis Legacy's pre-motion letter dated Jan. 3, 2020 (ECF #37, at n.2). In her opposition, Plaintiff does not request permission to further amend in the event the Court grants Fidelis Legacy's and/or the Centene-Defendants' respective motions. Fidelis Legacy urges the Court to decline to give Plaintiff any further opportunities to amend.

Firm:50091078