UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
  NECOLE ROTTHOFF,

                        Plaintiff,

            -against-                              **ORDER**
                                                         19 CV 4027 (AMD) (CLP)

  NEW YORK STATE CATHOLIC
  HEALTH PLAN, INC., *et al.*,

                        Defendants.
------------------------------------------------------------ X

**POLLAK**, Chief United States Magistrate Judge:

On July 12, 2019, plaintiff Necole Rotthoff filed this putative class and collective action against defendants New York State Catholic Health Plan, Inc., d/b/a Fidelis Care New York, Centene Corporation, Centene Management Company, LLC, New York Quality Healthcare Corporation, f/k/a Centene Acquisition Corporation, and Centene Company of New York, LLC (collectively, defendants), seeking to recover unpaid minimum and overtime wages and other damages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law, Art. 6 § 190 et seq. The parties have consented to this Court's jurisdiction to determine the fairness of the proposed settlement of this matter.[1]

The parties reached a settlement of this matter, the terms of which are set forth in a settlement agreement filed with the Court. (See Sett. Agr.[2]). On February 19, 2021, plaintiff filed a motion requesting that the Court approve the Settlement Agreement as fair and reasonable

---

[1] See Consent to Magistrate Judge Disposition on Motion, endorsed by the Honorable Ann M. Donnelly on February 22, 2021, ECF No. 65.
[2] Citations to "Sett. Agr." refer to the Settlement Agreement and Release, filed on March 19, 2021 as Exhibit 1 to the Memorandum in Support of the Motion for Settlement, ECF No. 63-1.

pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016). On April 7, 2021, the Court held a fairness hearing on the motion.

Having reviewed the settlement agreement, and for the reasons set forth in this Order, the Court approves the parties' Settlement Agreement as fair and reasonable and approves the attorney's fee.

## FACTUAL AND PROCEDURAL BACKGROUND

According to the Amended Complaint, plaintiff worked as a care management employee employed by defendants, a group of health insurance providers that operate in New York under the "Fidelis Care" name.[3] (Am. Compl.[4] ¶¶ 1, 14). The defendants employed Ms. Rotthoff from approximately May 2016 until January 2019. (Id. ¶ 97). Plaintiff alleges that she was required to work more than forty hours per week. (Id. ¶ 102, 103). Plaintiff further alleges that she worked through her 60-minute meal break at least twice per week. (Id. ¶ 104). Plaintiff claims that, rather than being paid one and a half times her regular rate of pay when she worked more than forty hours, she was paid a salary and classified as exempt from the overtime provisions of the FLSA and NYLL. (Id. ¶¶ 105, 107, 108).

The plaintiff brought this action on behalf of herself and similarly situated individuals. (Id. ¶ 8). Plaintiff alleges that she and the other care management employees performed non-exempt job duties, including, *inter alia*, documenting insureds' medical circumstances in the defendants' computer systems, arranging appointments and referrals, and obtaining necessary authorizations from individuals. (Id. ¶¶ 2, 7, 8, 99). She claims that defendants misclassified the

---

[3] The District Court found that plaintiff plausibly alleged that all defendants were her employers. See Memorandum and Order dated September 28, 2020, ECF No. 51 ("9/21/2020 Order"), at 9-16.

[4] Citations to "Am. Compl." refer to the Amended Complaint, filed November 1, 2019, ECF No. 30.

2

Care Management Employees as exempt from state and federal overtime laws and did not pay them overtime for hours worked over 40 each week. (Id. ¶¶ 5, 6). She also claims that defendants did not provide accurate hiring notice or wage statements, or paystubs listing the number of hours worked. (Id. ¶¶ 109-11, 161, 166). Plaintiff alleges that defendants are liable for unpaid overtime compensation, penalties, interest, liquidated damages, attorney's fees, and costs. (Id. ¶¶ 149, 159, 162, 163, 167).

Ten plaintiffs have joined the lawsuit as Opt-In plaintiffs. (Mem.[5] at 1). The parties propose to settle the case for a total of $100,000. (Sett. Agr. ¶ 1(a)). Each plaintiff will receive a pro rata portion of the total settlement amount after the service award and attorney's fees are deducted, amounting to $63,010.60. (Id. ¶ 1(a)(vi)). Ms. Rotthoff will receive an additional service award of $2,500. (Id. ¶ 1(a)(i)). Plaintiff's counsel is to receive $34,489.40 in attorney's fees and costs. (Id. ¶ 1(a)(ii))

DISCUSSION

1. Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008) (internal quotation omitted); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging

---

[5] Citations to "Mem." refer to the Memorandum of Law in support of the Motion for Settlement Approval, filed February 19, 2021, ECF No. 63.

3

settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948 F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. at *9. Rather, if the court finds one or more provisions of a FLSA settlement agreement to be unreasonable, the Court must reject the proposed settlement. See id at *8.

2. Settlement Terms

The Court finds that the terms of the Settlement Agreement are fair and reasonable. The Agreement contains no impermissible "no assist," "no employment," or confidentiality clauses, which contravene the FLSA. See Garcia v. Good for Life by 81, Inc., No. 17 CV 7228, 2018 WL 3559171, at *4 (S.D.N.Y. July 12, 2018); Ortiz v. My Belly's Playlist LLC, 283 F. Supp. 3d

125, 126 (S.D.N.Y. 2017); Souza v. 65 St. Marks Bistro, No. 15 CV 327, 2015 WL 7271747, at *5 (S.D.N.Y. Nov. 6, 2015).

Although the Settlement Agreement contains a release, the release only precludes further lawsuits arising out of plaintiffs' unpaid compensation claims asserted in this action (Sett. Agr. ¶ 3(b)), which the Court finds reasonable, as a narrow release limited to the claims at issue in this lawsuit does not offend Cheeks. Cf. Lopez v. 41-06 Bell Blvd. Bakery LLC, No. 15 CV 6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016), report and recommendation adopted, No. 15 CV 6953, 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016) (holding that "broad general releases" contravene the protective nature of the FLSA); Gonzales v. Lovin Oven Catering of Suffolk, Inc., No. 14 CV 2824, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (holding that a settlement agreement containing a general release violated the FLSA).

3. Settlement Amount

The revised Settlement Agreement, which was reached after a period of arm's-length bargaining with the assistance of a mediator, proposes a total settlement amount of $100,000. (Mem. at 5, Sett. Agr. ¶ 1(a)). In reaching this agreement, the parties acknowledge that there were ongoing disputes regarding the plaintiff's claims and the extent of damages to be awarded. (Mem. at 8-9). The defendants asserted that the plaintiffs were properly classified as exempt and therefore not entitled to overtime wages, and in any event, any overtime hours worked by plaintiffs were *de minimis*. (Id. at 8). At the fairness hearing, it was explained that seven of the plaintiffs faced additional challenges in that their claims relied on a theory of successor liability.[6]

---

[6] Defendants Centene Corporation, New York Quality Health Care Corporation f/k/a Centene Acquisition Corporation, Centene Management Company, LLC, and Centene Company of New York, LLC were alleged to be liable for wage violations as successors of defendant New York State Catholic Health Plan. (Mem. at 2).

5

Plaintiffs acknowledged that they risked adverse findings or substantial delay of payment pending litigation and appeal if they chose to proceed to trial. (Id. at 11). Plaintiffs calculate that the total settlement amount approximates the amount owed to all plaintiffs if they were entitled to be paid for six overtime hours in 70 percent of the weeks that they worked, plus an additional $2,187.60 to $2,500 for their wage statement and wage notice claims under the NYLL. (Id. at 7). Plaintiffs noted it was appropriate to reduce their total work weeks by 30% for purposes of this calculation due to holidays, sick leave, and other time off. (Id.)

Under this agreement, plaintiffs will receive a total of $63,010.60. (Id.) The amounts will be divided on a pro rata basis according to the number of work weeks each plaintiff worked in an at-issue position. (Id. at 5). The funds will be allocated as follows:

| Plaintiff | Ratable Share | Total Payment |
|---|---|---|
| Gitah Brown-Wasser | 3.93% | $ 2,477.41 |
| Molly Case | 17.77% | $ 11,199.42 |
| Pamella Chura | 14.95% | $ 9,423.03 |
| Ryan Green | 9.93% | $ 6,253.91 |
| Rebecca Hutchinson | 11.14% | $ 7,020.37 |
| Ann Marie Mang | 6.94% | $ 4,375.63 |
| Terri-Ann McLean | 5.65% | $ 3,557.52 |
| Necole Rotthoff | 11.25% | $ 7,089.87 |
| Heather Savage | 4.48% | $ 2,825.70 |
| Joy Scott | 7.65% | $ 4,821.40 |
| Ryan Westler | 6.29% | $ 3,966.34 |

In addition, Ms. Rotthoff will receive a service award of $2,500. (Sett. Agr. ¶ 1(a)(i)). This award recognizes her time and effort spent assisting in the prosecution of the litigation, and the fact that, in bringing the litigation, she risked the disfavor of future employers. (Mem. at 14).

Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiff would face in pursuing the litigation, and seeing no issues regarding potential fraud or collusion in this case, the Court finds that the settlement reached is fair and reasonable. See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d at 335.

4. Attorney's Fees and Costs

The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Courts employ the "lodestar" method in determining whether attorney's fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Courts in this Circuit have addressed the issue of applying a multiplier to the lodestar calculation. In one case, the Honorable William H. Pauley III concluded that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." Fujiwara v. Sushi Yasuda Ltd., 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). In reaching this decision, Judge Pauley examined the case law of this Circuit and noted that courts "have generally refused multipliers as high as 2.03.'" Id. at 438 (quoting In re Currency Conversion, 263 F.R.D. 110, 129 (S.D.N.Y. 2009)); see also Velandia v. Serendipity 3, Inc., No.

16 CV 1799, 2018 WL 3418776, at *5 (S.D.N.Y. July 12, 2018) (finding a multiplier of 1.2 to be a "reasonable lodestar modifier").

Instead of using the lodestar method, courts may employ the "percentage of the fund" method. See McDaniel v. County of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases). However, a one-third percentage may be "simply too great" in relation to the work performed. Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). Courts in this Circuit have declined to approve the award of attorney's fees when the lodestar or the percentage of the settlement that counsel sought appeared unreasonable.

Here, plaintiffs' counsel seeks one-third of the total settlement, or $33,333.33. (Mem. at 1). Attorney's fees were incurred by two firms that served as co-counsel to the plaintiffs: Werman Salas P.C. and Kessler Matura P.C. (Salas Decl.[7] ¶ 32; Kessler Decl.[8] ¶ 12). Counsel submitted contemporaneous time records reflecting a total of $92,734.43 in fees incurred. (Salas

---

[7] Citations to "Salas Decl." refer to the Declaration of Maureen Salas in support of the Motion for Settlement Approval, filed on February 22, 2021, ECF No. 63-2.

[8] Citations to "Kessler Decl." refer to the Declaration of Troy Kessler in support of the Motion for Settlement Approval, filed on February 22, 2021, ECF No. 63-3.

8

Decl. Exs. A, B; Kessler Decl. ¶ 12, Ex. C). Counsel also reported $1,216.95 in costs incurred, but seeks recovery only for $1,156.07. (Sett. Agr. ¶ 1(a)(ii); Salas Decl. ¶ 40 (reporting $481.07 in costs); Kessler Decl. ¶ 13 (reporting $735.88 in costs)). The lodestar multiplier thus amounts to 0.37.

As plaintiff's counsel is requesting one-third of the settlement, a percentage typically found reasonable in this Circuit, upon review of the parties' submission and consideration of the Goldberger factors set forth above, the Court finds the requested fee to be reasonable.

## CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submissions, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court also finds that counsel's request for fees and costs is reasonable.

The Court directs the parties to submit a signed Stipulation of Dismissal by May 10, 2021.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 7, 2021

/s/ Cheryl L. Pollak
Cheryl L. Pollak
Chief United States Magistrate Judge
Eastern District of New York